UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 339 UNITED SERVICE WORKERS
UNION, INTERNATIONAL UNION OF
JOURNEYMEN AND ALLIED TRADES;
UNITED WELFARE FUND – SECURITY
DIVISION AND THE TRUSTEES THEREOF;
UNITED WELFARE FUND – WELFARE
DIVISION AND THE TRUSTEES THEREOF,
INTERNATIONAL UNION OF JOURNEYMEN
AND ALLIED TRADES 401-K RETIREMENT
PLAN, AND THE TRUSTEES THEREOF,

**ORDER**
12-CV-4811 (RRM) (VMS)

          Petitioners,

- against -

ADVANCED READY MIX CORP.,

          Respondent.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

On September 26, 2012, petitioners Local 339 United Service Workers Union, International Union of Journeymen and Allied Trades ("Union"); United Welfare Fund – Security Division and the Trustees Thereof; United Welfare Fund – Welfare Division and the Trustees Thereof, International Union of Journeymen and Allied Trades 401-K Retirement Plan (collectively, "Funds"), and the Trustees Thereof filed a petition to confirm a labor arbitration award dated May 15, 2012 in the amount of $19,349.54 against respondent Advanced Ready Mix Corp. (Doc. No. 1.) Respondent has failed to appear or otherwise defend in this action, and the Clerk of Court entered default against respondent on November 7, 2012. (Doc. No. 5.) Before the Court is petitioners' motion for default judgment. (Doc. No. 7.)

1

Petitioner alleges that respondent entered into a collective bargaining agreement ("CBA") with the Union that required respondent to make monthly contribution payments to the Funds, and to withhold monthly union membership dues from certain employees and remit those dues to the Union. (Pet. at ¶ 6.) Petitioners allege that respondent has failed to make contribution payments and remit dues to the Union, despite numerous attempts by petitioners to resolve the matter. (*Id.* at ¶8.) The CBA also provides for arbitration of all disputes involving interpretation or application of the CBA. (*Id.* at ¶¶ 7, 9; Rocco Decl. Ex. A, Art. 8.) Petitioners served a demand for arbitration on respondent on June 17, 2011, alleging that respondent had failed to remit contribution payments to the funds and union dues to the Union. (Pet. at ¶ 10.) Respondent was notified of a hearing scheduled for August 4, 2011, at which respondent failed to appear. (*Id.* at ¶¶ 11–13.) The arbitrator, having examined all of the evidence submitted by petitioners, rendered his award in writing on May 15, 2012, and determined that $19,349.54 was due and owing to petitioners in accordance with the terms of the CBA. (*Id.* at ¶¶13–14.) A copy of the award was mailed to respondent. (*Id.* at ¶ 15.) Respondent has failed to comply with the award or pay the amount specified by the arbitrator, and the award has not been vacated by order of any court and is still in full force and effect. (*Id.* at ¶¶ 16–17.)

Petitioners filed this action to confirm the arbitration award on September 26, 2012. (Doc. No. 1.) Petitioners submitted an affidavit of service showing that they served the petition on respondent's managing agent on October 5, 2012. (Doc. No. 3.) After respondent failed to file an answer or otherwise appear in this action, the Clerk of Court entered default on November 7, 2012. (Doc. No. 5.) The Court entered an order on November 8, 2012, directing petitioners to file any motion for default judgment by November 26, 2012, and to serve the Court's November 8, 2012 order on respondent by November 9, 2012. Petitioners served the November 8, 2012

order on defendants the same day (Doc. No. 6), and now move for default judgment as to confirmation of the labor arbitration award. (Doc. No. 7.) Petitioners served their motion for default judgment on respondent on November 15, 2012. (Doc. No. 7-4.) Respondent has therefore received notice of the petition, the court's November 8, 2012 order, and petitioners' motion for default judgment, but has neither appeared in this action nor submitted any materials to the Court.

For the reasons stated below, petitioners' motion is GRANTED in its entirety.

## STANDARD OF REVIEW

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011) (citation omitted). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006) (citation omitted).

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *El Sayed*, 627 F.3d at 933. When the moving party has asserted facts showing

3

that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts demonstrating that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts – "facts that might affect the outcome of the suit under the governing law" – will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.*, 462 F.3d at 110 (citations omitted). A court's review of an arbitration award is "severely limited" so as not to frustrate the goals of arbitration – namely to settle disputes efficiently and avoid long and expensive litigation. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"[T]he showing required to avoid [summary] confirmation [of an arbitration award] is very high," *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted), and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted). Thus, a party seeking vacatur of an arbitrator's decision "must clear a

4

high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, ___ U.S. ___, 130 S. Ct. 1758, 1767 (2010). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks and citations omitted).

## DISCUSSION

Applying these principles, petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the arbitrator's award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." Petitioners' submissions make it clear that there is no triable issue of fact regarding the petition. Although respondent did not participate in the arbitration proceedings, the CBA specifically requires arbitration of the grievances raised by petitioners, and the arbitrator stated that respondent was served with sufficient notice of the arbitration. (Rocco Decl. Ex. 4 (Doc. No. 8-4) at 3.) Further, prior to issuing his award, the arbitrator reviewed the applicable CBA, and its arbitration procedures, as well as the other materials provided by petitioners. (*See id.* at 4–5 (noting that the arbitrator heard testimony and took evidence on petitioners' claims)). Based on the evidence presented, the arbitrator determined that respondent had violated the CBA by failing to make the requisite payments due thereunder. The award clearly draws its essence from the CBA, which holds respondent liable for the amounts set forth in the arbitrator's award. (Rocco Decl. Ex. A, Art. 8.)

Moreover, the arbitrator appropriately awarded the amount of $19,349.54 to petitioners. As noted, the CBA provided for arbitration of any and all grievances or disputes which arise with

respect to the interpretation and application of any of the provisions of the CBA. (Rocco Decl. Ex. A, Art. 8.) Further, the arbitrator was empowered to enter such an award under the terms of the CBA. (*Id.*) Although petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials. Further, and in any event, "courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations – allegations that have not been made in this case – that the decision rests on factual errors or misinterprets the parties' agreement." *N.Y.C Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015, 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (internal brackets and quotation marks omitted) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party. *See, e.g.*, *In re Arbitration Between Gen. Sec. Nat. Ins. Co. and AequiCap Program Adm'rs*, 785 F. Supp. 2d 411, 416–17 (S.D.N.Y. 2011).[1]

---

[1] In addition to judgment in the amount of the arbitration award, petitioners seek reimbursement of two costs incurred in filing the instant petition: the $350 filing fee, and a $60 process server fee. Such costs are granted. *See* 29 U.S.C. § 1132(g)(2)(D); *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) ("courts routinely make awards for costs pursuant to ERISA in confirmation proceedings.") (internal brackets omitted).

**CONCLUSION**

Accordingly, petitioners' motion for default judgment is GRANTED in its entirety and the arbitrator's award, in the amount of $19,349.54, is confirmed. In addition, the Court awards petitioners costs in the amount of $350 for the filing fee, and $60 for the process server fee.

The Clerk of Court is respectfully directed to enter judgment for petitioners as against respondent accordingly, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 24, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge